United States District Court
Southern District of Texas
**ENTERED**
February 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00372 |
| | § | |
| LANE BRYANT, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On January 25, 2024, I entered an order requiring Defendant Lane Bryant Brands OpCo, LLC ("Lane Bryant") to correct the jurisdictional deficiencies in its Amended Notice of Removal. *See* Dkt. 8. Lane Bryant submitted an amended letter yesterday alleging that "[u]pon information and belief, the partners of [the two limited partnerships that comprise Ascena GP LLC[1]] are citizens of Ohio." Dkt. 10 at 1–2. Lane Bryant further posits that its "diligent efforts to obtain all publicly available information" **as to its own members**, "and the lack of any challenge as to [Lane Bryant]'s removal of this matter" should suffice to establish diversity jurisdiction. Dkt. 9 at 1.

I am troubled by Lane Bryant's suggestion that it can make an educated guess as to its own citizenship, and that subject matter jurisdiction can be consented to or waived. As to the latter argument, "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). As to the former, <u>every</u> <u>single</u> <u>case</u> that Lane Bryant cites for the proposition that it can allege ***its own citizenship*** upon information

---

[1] Based on the letter and Lane Bryant's Amended Notice of Removal, Ascena GP LLC is a member of LB Group L.P., which is a member of LB Topco Holdco LLC, which is the sole member of LB Guarantor LLC, which is the sole member of LB Buyco LLC, which is the sole member of Lane Bryant Brands OpCo, LLC. *See* Dkt. 10 at 1; Dkt. 6 at 3.

and belief is a case in which a court permitted "a party [to] plead the citizenship **of an opposing party** 'upon information and belief.'" *Henderson Apts. Tenant, LP v. Travelers Excess & Surplus Lines Co.*, No. 1:23-cv-00195, 2023 WL 5983889, at *3 (W.D. Tex. Sept. 14, 2023) (emphasis added).²

I am unaware of any federal court ever suggesting that a party can allege "jurisdictional information [that] rests exclusively within [that] party's control" upon information and belief. *Canadian Breaks*, 2021 WL 4897554, at *6 (quotation omitted). To the contrary, "a corporate defendant, like any other, is presumed to know its own citizenship." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) (collecting cases).

Federal courts "impose upon the removing defendant—here, [Lane Bryant]—the burden of establishing the existence of subject matter jurisdiction." *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995). Lane Bryant has yet to carry that burden. I will give Lane Bryant one more chance, until Thursday, February 8, 2024, to establish that diversity jurisdiction exists in this case. Failure to establish that Lane Bryant's citizenship is totally diverse from

---

² *See Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 284022, at *2 (5th Cir. 2000) ("The **defendants** then asserted 'on information and belief' that all 308 **plaintiffs** were citizens of Texas. The plaintiffs have failed to demonstrate that this was incorrect."); *Canadian Breaks, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:21-cv-37, 2021 WL 4897554, at *7 (N.D. Tex. Sept. 14, 2021) ("**JPMorgan** has demonstrated its extensive efforts to ascertain **Canadian Breaks's** citizenship."); *Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-cv-820, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021) ("The Court therefore concludes that when **a defendant** has diligently investigated publicly available sources and determined that no partner **of a plaintiff partnership** is likely a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of a [plaintiff's] partnership upon 'information and belief.'"); *Rollins v. Fitts*, No. 1:18-cv-198, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) ("The Court is thus convinced that when **a plaintiff** has consulted all publicly available sources and determined that no member **of the [defendant] association** is likely a citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief."); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) ("A State X **plaintiff** may therefore survive a facial challenge by alleging that none of **the defendant** association's members are citizens of State X.") (all emphases added).

Plaintiff's citizenship by February 8, 2024 will result in a recommendation that this case be remanded for lack of subject matter jurisdiction.³

SIGNED this 1st day of February 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

³ This is no trivial matter. The last time I ordered a defendant to try once more to adequately allege its own citizenship, the case was ultimately dismissed for want of subject matter jurisdiction. *See Feuless v. Shadow Creek Apts., LLC*, No. 3:22-cv-137 (S.D. Tex.), ECF Nos. 13, 15, 21, 22, 25–26.